# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MYERS, | CASE NO. 1:12-cv-00198-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN FIFTEEN DAYS |

## I.  Procedural History

David Myers ("Plaintiff") is a civil detainee[1] proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 9, 2012, Plaintiff filed his original complaint which is currently before the Court.  Doc. 1.

## II.  Screening Requirement

Plaintiff is a civil detainee.  "[T]he rights afforded prisoners set a floor for those that must be afforded . . . civil detainees."  *McNeal v. Mayberg*, 2008 WL 5114650, at *4 (E.D. Cal. Dec. 3, 2008), citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982).  *See also Semeneck v. Ahlin*, 2010 WL

---

[1] Plaintiff does not clearly state that he is a civil detainee, however, his complaint indicates that he is housed at Coalinga State Hospital.  Doc. 1 at 1.

1

4738065, at *3 (E.D. Cal. Nov. 16, 2010); *Leonard v. Bonner*, 2010 WL 3717248, at *2 (E.D. Cal. Sep. 15, 2010); *Allen v. Mayberg*, 2010 WL 500467, at *5 (E.D. Cal. Feb. 8, 2010). Therefore, though Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine the rights afforded Plaintiff.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.    Plaintiff's Complaint**

Plaintiff is currently a civil detainee at Coalinga State Hospital (CSH) in Coalinga, California. In the complaint, Plaintiff names the following defendants: 1) State of California; and 2) Lisa Green (Kern County District Attorney). Doc. 1 at 3. Plaintiff seeks monetary damages, release from custody and to have all pending charges dropped. Doc. 1 at 3.

Plaintiff's entire complaint is as follows:

> The district attorney keep[s] filing yearly extensions on me without proper grounds to do so. Basically . . . she is bias[ed] and believes what other's tell her. But if you need evidence, we can subpoena my records as evidence.

Doc. 1 at 3.

## IV.  Legal Standards and Analysis

### A.  Procedural Due Process

It appears that Plaintiff's complaint alleges deficiencies in the proceedings that resulted in his continued civil detainment. "[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). "[I]n certain narrow circumstances," states may "provide[ ] for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997). Statutes providing for involuntary civil commitment have been "consistently upheld . . . provided the confinement takes place pursuant to proper procedures and evidentiary standards." *Id.* (holding that the Kansas Sexually Violent Predator Act comports with due process requirements). In civil commitment hearings, the factors relevant in determining whether an individual has been afforded sufficient procedural protections under the due process clause are whether the individual received: 1) written notice; 2) a hearing at which the evidence being relief upon for the commitment is disclosed to the prisoner; 3) an opportunity at the hearing for the prisoner to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the State; 4) an independent decision-maker; 5) reasoned findings of fact; 6) legal counsel; and 7) effective and timely notice of these rights. *See Vitek v. Jones*, 445 U.S. 480, 494-97 (1980); *Carty v. Nelson*, 426 F.3d 1064, 1074 (9th Cir. 2005).

### 1.  Analysis

Plaintiff complains that Defendant Green is biased when making the same recommendation to continue his detainment. Plaintiff's vague and conclusory allegations are insufficient to state a claim that Plaintiff was denied due process during the civil commitment proceedings which resulted in Plaintiff's continued detainment.

### B.     Eleventh Amendment Immunity

Plaintiff may not bring suit against the state of California for money damages in federal court because it is entitled to Eleventh Amendment immunity. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

### C.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D.     Rule 8 and 20(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are

accepted as true, legal conclusions are not, *id.* at 1949. The complaint is so mired in extraneous facts, legal arguments, legal citations, and unnecessary legalese that it fails to comply with Rule 8(a). Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

**V.     Conclusions and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed February 9, 2012, is dismissed for failure to state a claim

upon which relief may be granted;

3. Within **fifteen (15) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  October 29, 2012

UNITED STATES MAGISTRATE JUDGE