1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID MYERS,

                   Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

                   Defendants.

_____/

CASE NO.  1:12-cv-00198-LJO-GBC (PC)

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL WITHOUT
PREJUDICE FOR FAILURE TO STATE A
CLAIM

(Doc. 12)

FIFTEEN DAY DEADLINE

## I.    Procedural History

       David Myers ("Plaintiff") is a civil detainee[1] proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 9, 2012, Plaintiff filed his original complaint which commenced this action.  Doc. 1.  On October 29, 2012, the Court dismissed the complaint with leave to amend.  Doc. 9.  On November 29, 2012, Plaintiff filed the first amended complaint which is currently before the Court.  Doc. 12.

## II.   Screening Requirement

       Plaintiff is a civil detainee.  "[T]he rights afforded prisoners set a floor for those that must be afforded . . . civil detainees." *McNeal v. Mayberg*, 2008 WL 5114650, at *4 (E.D. Cal. Dec. 3, 2008), citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds)

---

[1] Plaintiff does not clearly state that he is a civil detainee, however, his original complaint Plaintiff indicates that he is housed at Coalinga State Hospital.  Doc. 1 at 1.

1

1  (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982). *See also Semeneck v. Ahlin*, 2010 WL

2  4738065, at *3 (E.D. Cal. Nov. 16, 2010); *Leonard v. Bonner*, 2010 WL 3717248, at *2 (E.D. Cal.

3  Sep. 15, 2010); *Allen v. Mayberg*, 2010 WL 500467, at *5 (E.D. Cal. Feb. 8, 2010). Therefore,

4  though Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to

5  determine the rights afforded Plaintiff.

6       The Court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

8  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

11 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

12 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

13 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

14      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

15 which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

16 support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467

17 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

18 *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

19 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the

20 allegations of the complaint in question, and construe the pleading in the light most favorable to the

21 plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

23 **III.    Plaintiff's Complaint**

24      Plaintiff is currently a civil detainee at Coalinga State Hospital (CSH) in Coalinga,

25 California. Doc. 1. In the complaint, Plaintiff names the following defendants: 1) State of

26 California; 2) Lisa Green (Kern County Public Defender's Office); and 3) Defense Counsel of Kern

27 County. Doc. 12 at 1-3. Plaintiff seeks monetary damages and wants legal counsel to win his case

28 against the state. Doc. 12 at 3.

2

1    Plaintiff alleges that Defendant Green was assigned to defend Plaintiff.  Doc. 12 at 3.

2  Defendant Green violated the Plaintiff's right to counsel, so Plaintiff claimed ineffective assistance

3  of counsel.  Doc. 12 at 3.  According to Plaintiff, Defendant Green betrayed the business code in her

4  conduct with Plaintiff and such conduct was unconstitutional.  Doc. 12 at 3.  Plaintiff asserts that he

5  has a right to be represented and Defendant Green violated his constitutional rights by failing to hire

6  an expert to assist Plaintiff.  Doc. 12 at 3.

7  **IV.    Legal Standards and Analysis**

8    **A.    Ineffective Assistance of Counsel**

9    The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

13  42 U.S.C. § 1983.  A public defender representing a client in the lawyer's traditional adversarial role

14  is not a state actor.  *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir.2003) (citing *Polk County*

15  *v. Dodson*, 454 U.S. 312 (1981)).

16    **1.    Analysis**

17    Although in his prior complaint, Plaintiff complains that Defendant Green was a prosecutor

18  who was biased in making the same recommendation to continue his detainment.  Doc. 1 at 3.

19  However, in his amended complaint, Plaintiff alleges that Defendant Green in her capacity as a

20  public defender, gave ineffective assistance of counsel in deciding not to get Plaintiff an expert.

21  Doc. 12 at 3.  As a public defender representing a client in the lawyer's traditional adversarial role

22  is not a state actor, Plaintiff fails to state a claim.  *Miranda v. Clark County*, 319 F.3d 465, 468 (9th

23  Cir.2003) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

24    **B.    *Heck* Barred**

25    Plaintiff's claim based on the alleged ineffective assistance of his defense counsel, would

26  also amount to an attack on the validity of his underlying criminal proceedings, and as such, is not

27  cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been

28  invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Huftile v. Miccio-Fonseca*, 410 F.3d

1   1136, 1139-40 (9th Cir.2005) (applying *Heck* to civil detainees); *Ramirez v. Galaza*, 334 F.3d 850,

2   855-56 (9th Cir.2003)).   A claim challenging the legality of a conviction or sentence that has not

3   been so invalidated is not cognizable under § 1983.   *Heck*, 512 U.S. at 487; *Edwards v. Balisok*, 520

4   U.S. 641, 643 (1997).   An action that is barred by *Heck* should be dismissed for failure to state a

5   claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his

6   conviction.   *Edwards*, 520 U.S. at 649.

7                    **1.    Analysis**

8          In this instance, Plaintiff's ineffective assistance of counsel claim against Defendant Green

9   in her capacity as defense counsel, would necessarily imply the invalidity of his criminal proceedings

10  and continuing incarceration.   *Heck*, 512 U.S. at 487.   Were Plaintiff to succeed in showing that

11  Defendant Green rendered ineffective assistance of counsel, an award of damages would "necessarily

12  imply the invalidity" of his conviction or civil commitment.   *Heck*, 512 U.S. at 487; *Miccio-Fonseca*,

13  410 F.3d at 1139-40.   Accordingly, the Court finds that Plaintiff's Complaint must be dismissed for

14  failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e) (2)(B).

15         **C.    Eleventh Amendment Immunity**

16         Plaintiff may not bring suit against the state of California for money damages in federal court

17  because it is entitled to Eleventh Amendment immunity.   *Aholelei v. Dept. of Public Safety*, 488 F.3d

18  1144, 1147 (9th Cir. 2007).   Plaintiff fails to link the State of California to any deprivation of rights

19  and, therefore, fails to state a claim.

20  **V.    Conclusions and Recommendation**

21         Plaintiff's complaint fails to state a claim upon which relief may be granted under section

22  1983.   Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

23  given when justice so requires."   In addition, "[l]eave to amend should be granted if it appears at all

24  possible that the plaintiff can correct the defect."   *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

25  2000) (internal citations omitted).   However, in this action, it is apparent that the deficiencies in the

26  complaint are not capable of being cured by amendment and, therefore, leave to amend should not

27  be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).

28         Accordingly, after screening Plaintiff's amended complaint filed on November 29, 2012, the

Court HEREBY RECOMMENDS that:

1.      This action be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

2.      The Clerk fo Court provide Plaintiff a copy of a habeas complaint form.


These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __November 30, 2012__

UNITED STATES MAGISTRATE JUDGE